UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x

GEORGE J. TOWNS

Plaintiff,

**COMPLAINT**

-vs-

NASSAU COUNTY, THE NASSAU COUNTY POLICE DEPARTMENT, DET. JENNIFER SCHEINBERG (Shield #844), DET. "JOHN" NILL, actual first name unknown (Shield #unknown), P.O. JOHN FALLACE (Shield #unknown), P.O. RICHARD D. MENZIES (Shield #3336), DET. WILLIAM F. BROSNAN (Shield #309), DET. CHRISTOPHER MUCHOW (Shield #1221), DET. RHUBENS TOUSSAINT (Shield #1192), DET. "JOHN" HOEFENKRIEG, actual first name unknown (Shield #unknown), SGT. ROBERT HENRY (Shield #534), P.O. BRIAN KOHLMIER (Shield #58) and SGT. JACQUELINE A. LEWIS (Shield #unknown),

PLAINTIFF DEMANDS TRIAL BY JURY

1:15-cv-990

Defendants.

-------------------------------------------------------------------x

PLAINTIFF GEORGE J. TOWNS, by his attorney ASHER & ASSOCIATES, P.C., for his COMPLAINT, alleges upon information and belief, as follows:

## I. PRELIMINARY STATEMENT

1. This is a civil rights action in which PLAINTIFF GEORGE J. TOWNS (hereinafter "TOWNS") seeks damages to redress the deprivation, under color of state law, of rights secured to him under the Fourth, Fifth, Sixth, and Fourteenth Amendments of the United States Constitution. On or about February 26, 2012, at approximately 2:09 P.M., at the intersection of Mott Avenue and West End Avenue, Inwood, New York, TOWNS was falsely arrested by Defendants, including, but not limited to, DET. JENNIFER SCHEINBERG (Shield #844), DET. "JOHN" NILL, actual first name unknown (Shield #unknown), P.O. JOHN FALLACE (Shield #unknown), P.O. RICHARD D. MENZIES (Shield #3336), DET. WILLIAM F. BROSNAN (Shield #309), DET. CHRISTOPHER MUCHOW (Shield #1221),

DET. RHUBENS TOUSSAINT (Shield #1192), DET. "JOHN" HOEFENKRIEG, actual first name unknown (Shield #unknown), SGT. ROBERT HENRY (Shield #534), P.O. BRIAN KOHLMIER (Shield #58) and SGT. JACQUELINE A. LEWIS (Shield #unknown) (hereinafter "Defendants"). It is alleged that Defendants falsely arrested TOWNS in violation of his constitutional rights. While in custody TOWNS was unlawfully detained. It is further alleged that TOWNS was shot in the back three times by Defendants. As a result of the excessive force used by Defendants, TOWNS suffered physical and mental injuries.

## II. JURISDICTION

2. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1343(3) and (4), which provides for original jurisdiction in this court of all suits brought pursuant to 42 U.S.C. § 1983, and by 28 U.S.C. §1331, which provides jurisdiction over all cases brought pursuant to the Constitution and laws of the United States.

## III. PARTIES

3. TOWNS at all times relevant hereto resided at 491 41 Street, Copiague, NY 11726.

4. Defendant NASSAU COUNTY (hereinafter "COUNTY") is a municipal corporation, incorporated pursuant to the laws of the State of New York, which operates the Nassau County Police Department (hereinafter "NCPD"), and as such is the public employer of the Defendant officers herein.

5. Defendant DETECTIVE JENNIFER SCHEINBERG (Shield #844) (hereinafter "SCHEINBERG") was an NCPD police officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant COUNTY and within the scope of her employment.

6. Defendant DETECTIVE "JOHN" NILL, actual first name unknown (Shield #unknown) (hereinafter "NILL") was an NCPD police officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant COUNTY and within the scope of his employment.

7. Defendant POLICE OFFICER JOHN FALLACE (Shield #unknown) (hereinafter "FALLACE") was an NCPD police officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant COUNTY and within the scope of his employment.

8. Defendant POLICE OFFICER RICHARD D. MENZIES (Shield #3336)) (hereinafter "MENZIES") was an NCPD police officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant COUNTY and within the scope of his employment.

9. Defendant DETECTIVE WILLIAM F. BROSNAN (Shield #309), (hereinafter "BROSNAN") was an NCPD police officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant COUNTY and within the scope of his employment.

10. Defendant DETECTIVE CHRISTOPHER MUCHOW (Shield #1221), (hereinafter "MUCHOW") was an NCPD police officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant COUNTY and within the scope of his employment.

11. Defendant DETECTIVE RHUBENS TOUSSAINT (Shield #1192), (hereinafter "TOUSSAINT") was an NCPD police officer, and at all times relevant hereto, acted in

that capacity as agent, servant, and/or employee of Defendant COUNTY and within the scope of his employment.

12. Defendant DETECTIVE "JOHN" HOEFENKRIEG, actual first name unknown (Shield #unknown), (hereinafter "HOEFENKRIEG") was an NCPD police officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant COUNTY and within the scope of his employment.

13. Defendant SARGENT ROBERT HENRY (Shield #534), (hereinafter "HENRY") was an NCPD police officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant COUNTY and within the scope of his employment.

14. Defendant POLICE OFFICER BRIAN KOHLMIER (Shield #58), (hereinafter "KOHLMIER") was an NCPD police officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant COUNTY and within the scope of his employment.

15. Defendant SARGENT JACQUELINE A. LEWIS (Shield #unknown), (hereinafter "LEWIS") was an NCPD police officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant COUNTY and within the scope of her employment.

16. At all relevant times hereto, Defendants were acting under the color of state and local law. Defendants are sued in their individual and official capacities. At all relevant times hereto, Defendant COUNTY was responsible for making and enforcing the policies of NCPD and was acting under the color of law, to wit, under the color of the

statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the COUNTY of New York.

## IV. FACTS

17. On or about February 26, 2012, at approximately 2:09 P.M., TOWNS was walking down Mott Avenue with his girlfriend to go to the store to purchase some Advil/Tylenol.

18. TOWNS was approached by an unmarked police vehicle being driven by NILL and occupied by both SCHEINBERG and FALLACE.

19. Both SCHEINBERG and FALLACE exited the police vehicle and began to approach TOWNS.

20. Without notice, both SCHEINBERG and FALLACE began to wrestle with TOWNS.

21. TOWNS began to run from SCHEINBERG and FALLACE.

22. NILL joined SCHEINBERG and FALLACE in pursuit of TOWNS.

23. At some point TOWNS was shot three (3) times in the back.

24. Other police officers responded to the scene. They arrested and handcuffed TOWNS.

25. TOWNS was placed in an ambulance and transported to South Nassau Hospital.

26. TOWNS remained in South Nassau Hospital for approximately 56 days.

27. While at the hospital TOWNS continued to protest his innocence.

28. TOWNS was charged with Penal Law §§ 120.18, 265.03 (1)(b), 265.03 (3), 265.02 (3), 140.20, 140.05, 215.40 (s), 120.05 (3), 205.30, 120.20, 265.02 (1), 120.14 (1) and 265.01.

## V. FIRST CAUSE OF ACTION
Pursuant to §1983 (EXCESSIVE FORCE)

29. Paragraphs 1 through 28 are hereby realleged and incorporated by reference herein.

30. That the incident that resulted from the intentional application of physical force by Defendants constituted a seizure. That the use of excessive force in effectuating the seizure was unreasonable under the circumstances.

31. That Defendants had no legal cause or reason to use excessive force in effectuating TOWNS's arrest or after TOWNS was arrested and in custody.

32. That Defendants violated TOWNS's Fourth and Fourteenth Amendment right to be free from unreasonable seizures when they used excessive force against him.

33. That at the time of the arrest or while in custody, TOWNS did not pose a threat to the safety of the arresting officers.

34. That TOWNS was not actively resisting arrest or attempting to evade arrest.

35. That defendant COUNTY, through its officers, agents, and employees, unlawfully subjected TOWNS to excessive force while effectuating his arrest.

36. That Defendants actions were grossly disproportionate to the need for action and were unreasonable under the circumstances.

37. That by reason of Defendants acts and omissions, acting under color of state law and within the scope of his authority, in gross and wanton disregard of TOWNS's rights, subjected TOWNS to excessive force while effectuating his arrest, in violation of his rights pursuant to the Fourth and Fourteenth Amendments of the Untied States Constitution.

38. That Defendants had the opportunity to intervene, and failed to do so, to prevent violations of TOWNS's civil rights, including but not limited to the right to be free from the application of excessive force.

39. That upon information and belief, in 2012, Defendants and COUNTY had a policy or routine practice of using excessive force when effectuating arrests.

40. That upon information and belief, it was the policy and/or custom of defendant COUNTY to inadequately train, supervise, discipline, and/or terminate their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

41. That as a result of the above described policies and customs, the officers, staff, agents and employees of defendant COUNTY, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

42. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of defendant COUNTY to the constitutional rights of arrestees and were the cause of the violations of TOWNS's rights alleged herein.

43. By reason of the foregoing, TOWNS suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

## VI. SECOND CAUSE OF ACTION
### Pursuant to § 1983 (EXCESSIVE PRE-ARRAIGNMENT DETENTION)

44. Paragraphs 1 through 43 are hereby realleged and incorporated by reference herein.

45. That Defendant COUNTY had no legal cause nor excuse to detain TOWNS for a prolonged period prior to arraignment.

46. That Defendant COUNTY detained TOWNS excessively prior to arraignment in violation of TOWNS's civil rights.

47. That Defendant COUNTY should have expeditiously investigated this matter and released TOWNS.

48. By reason of Defendants' acts and omissions, Defendant COUNTY, acting under color of state law and within the scope of its authority, in gross and wanton disregard of TOWNS's rights, deprived TOWNS of his liberty when it subjected him to an unlawful, illegal and excessive detention, in violation of his due process rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

49. That in so acting, Defendant COUNTY, abused its power and authority as policymaker of the Nassau County Police Department under the color of State and/or local law.

50. That upon information and belief, in 2012, Defendant COUNTY had a policy or routine practice of detaining and imprisoning individuals for excessive periods prior to arraignment.

51. That upon information and belief, it was the policy and/or custom of Defendant COUNTY to inadequately train and supervise their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

52. That as a result of the above described policies and customs, the officers, staff, agents and employees of Defendant COUNTY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

53. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of Defendant COUNTY to the constitutional rights of arrestees and were the cause of the violations of TOWNS's rights alleged herein.

54. That Defendant, through its officers, agents and employees, unlawfully incarcerated TOWNS for an excessive period of time prior to arraignment.

55. By reason of the foregoing, TOWNS suffered mental injuries, economic injury, deprivation of property, liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

VIII. THIRD CAUSE OF ACTION
Pursuant to § 1983 (FALSE ARREST)

56. Paragraphs 1 through 55 are hereby realleged and incorporated by reference herein.

57. That Defendants had neither valid evidence for the arrest of TOWNS nor legal cause or excuse to seize and detain him.

58. That in detaining TOWNS without a fair and reliable determination of probable cause, Defendants abused their power and authority as a policymaker of the NCPD under the color of State and/or local law.

59. Defendants intended to confine TOWNS.

60. That TOWNS was conscious of the confinement and did not consent to the confinement.

61. That the confinement was not otherwise privileged.

62. That Defendants had no legal cause nor excuse to detain TOWNS.

63. That Defendants subjected TOWNS to an excessive detention in violation of TOWNS' civil rights.

64. That Defendants should have expeditiously investigated this matter and released TOWNS immediately.

65. By reason of Defendants acts and omissions, defendants acting under the color of state law and within the scope of their authority, in gross and wanton disregard of TOWNS' rights, deprived TOWNS of his liberty whey they subjected TOWNS to an unlawful, illegal and excessive detention, in violation of his rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution..

66. That in so acting, Defendants abused their power and authority as officers of the NCPD under the color of State and/or local law.

67. That upon information and belief, Defendants had a policy and/or custom of arresting and detaining individuals despite the lack of probable cause. Thus, as a result of the above described policies and customs, TOWNS was arrested despite the fact that he had not violated any law or committed any crime.

68. That upon information and belief it was the policy and/or custom of the defendant NCPD

to inadequately hire, train, supervise, discipline and/or terminate their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

69. That as a result of the above described policies and customs, the officers, staff, agents and employees of defendant NCPD believed that their actions would not be properly monitored by supervisory offices and that misconduct would not be investigated or sanctions, but would be tolerated.

70. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of defendant NCPD to the constitutional rights of arrestees and were the cause of the violations of TOWNS' rights alleged herein.

71. That by reason of the foregoing, TOWNS suffered physical and psychological injuries, traumatic stress, post-traumatic stress disorder, mental anguish, economic damages including attorneys' fees, damage to reputation, shame, humiliation and indignity. All of said injuries may be permanent.

IX. <u>FOURTH CAUSE OF ACTION</u>
Pursuant to § 1983 (MALICIOUS PROSECUTION)

72. Paragraphs 1 through 71 are hereby realleged and incorporated by reference herein. That Defendants, with malicious intent, arrested TOWNS and initiated a criminal proceeding despite the knowledge that TOWNS had committed no crime.

73. That all charges against TOWNS were terminated in his favor.

74. That there was no probable cause for the arrest and criminal proceeding.

75. That by reason of Defendants' acts and omissions, Defendants, acting under the color of state law and within the scope of their authority, in gross and wanton disregard of TOWNS's rights, deprived TOWNS of his liberty when they maliciously prosecuted him and subjected him to an unlawful, illegal and excessive detention, in violation of his rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution.

76. That upon information and belief, Defendants had a policy and /or custom of maliciously prosecuting individuals despite the lack of probable cause. Thus, as a

result of the above described policies and customs, TOWNS was maliciously prosecuted despite the fact that he had committed no violation of the law.

77. That upon information and belief it was the policy and /or custom of defendant COUNTY to inadequately hire, train, supervise, discipline and /or terminate their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents, and employees.

78. That as a result of the above described policies and customs, defendant COUNTY, its staff, agents and employees of defendant COUNTY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

79. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of Defendant COUNTY to the constitutional rights of arrestees and were the cause of the violations of TOWNS's rights alleged herein.

80. That in so acting, Defendant COUNTY abused its power and authority as policymaker of the NYPD under the color of State and/or local law.

81. That upon information and belief, in 2012, Defendant COUNTY had a policy or routine practice of alleging facts against persons for the purpose of charging crimes they did not commit.-

That by reason of the foregoing, TOWNS suffered physical and psychological injuries, traumatic stress, post-traumatic stress disorder, mental anguish, economic damages including attorneys' fees, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

X. <u>FIFTH CAUSE OF ACTION</u>
Pursuant to § 1983 (Denial of Fair Trial)

82. Paragraphs 1 through 81 are hereby realleged and incorporated by reference herein.

83. By fabricating evidence, defendants violated TOWNS's constitutional right to a fair trial.

84. Defendants were aware or should have been aware of the falsity of the information used to prosecute plaintiff.

85. As a result of the above constitutionally impermissible conduct, plaintiff was caused to suffer personal injuries, violation of civil rights, economic damages, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom and damage to his reputation and standing within his community.

**INJURY AND DAMAGES**

As a result of the acts and conduct complained of herein, TOWNS has suffered and will continue to suffer, physical pain, emotional pain, suffering, permanent disability, inconvenience, injury to his reputation, loss of enjoyment of life, loss of liberty and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

WHEREFORE, TOWNS respectfully requests that judgment be entered:

1. Awarding TOWNS compensatory damages in a full and fair sum to be determined by a jury;

2. Awarding TOWNS punitive damages in an amount to be determined by a jury;

3. Awarding TOWNS interest from February 26, 2012 and

4. Awarding TOWNS reasonable attorneys' fees pursuant to 42 USC §1988; and

5. Granting such other and further relief as to this Court seems proper.

DATED: New York, New York
February 25, 2015

ASHER & ASSOCIATES, P.C.
(RA5936)
111 John Streeet
Fourteenth Floor
New York, New York 10038
(212)227-5000